**No. 26-1746**
**(consolidated with No. 26-5060)**

---

**United States Court of Appeals**
**for the Ninth Circuit**

---

SHAWN JENSEN, ET AL.,

*Plaintiffs/Appellees*,

v.

RYAN THORNELL, ET AL.,

*Defendants/Appellants*.

---

**On Appeal from the United States District Court for the District of Arizona, Phoenix, Case No. 2:12-cv-00601-ROS**

---

# EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR RECONSIDERATION OF MOTION TO STAY PENDING APPEAL

**RELIEF REQUESTED BY OCTOBER 19, 2026**

---

KRISTIN K. MAYES
ARIZONA ATTORNEY GENERAL
Joshua D. Bendor (031908)
Luci D. Davis (035347)
2005 N. Central Avenue
Phoenix, Arizona 85004
(602) 542-8958
joshua.bendor@azag.gov
luci.davis@azag.gov
ACL@azag.gov

Mary R. O’Grady (011434)
Andrew G. Pappas (034432)
John S. Bullock (034950)
Daniel Bowman (038094)
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 640-9000
mogrady@omlaw.com
apappas@omlaw.com
jbullock@omlaw.com
dbowman@omlaw.com

**Attorneys for Defendants/Appellants**

Defendants respectfully ask the merits panel in these consolidated appeals to reconsider the motions panel's September 1, 2026 order denying a stay pending appeal. (Dkt. 16.1.) That order provided that "[t]his denial is subject to reconsideration by the panel assigned to decide the merits of these appeals," and Judge Forrest would have granted an administrative stay and referred the motion to the merits panel. (*Id.*) Defendants thus ask the merits panel to consider a stay pending appeal based on the briefing previously filed (Dkts. 7, 12.1, 24.1) and subsequent developments. As discussed below, Defendants seek a stay of the receivership order in its entirety or, alternatively, propose a more modest stay that would permit the receiver to work on an operational plan but stay all aspects of the Appointment Order which transfer State authority to the federal court's receiver.

After the motions panel ruled, Defendants applied to the Supreme Court for a stay. *Thornell v. Jensen*, No. 26A370 (U.S. Sept. 18, 2026). Plaintiffs, in opposition, argued in part that because the motions panel had "expressly permitted the merits panel to revisit the stay" and the "merits panel has not yet weighed in," Defendants' stay application was premature. Resp. to Appl. 19–20, No. 26A370 (Sept. 25, 2026). Plaintiffs also assured the Court that Defendants' "opportunity for corrective relief is imminent" because "argument is scheduled for December 2026" in the present appeal. *Id.* at 34. Justice Kagan denied the application on October 1, 2026.

This motion takes the step that Plaintiffs framed as a deficiency in their briefing at the Supreme Court by asking the merits panel to examine whether a stay is appropriate.

Additionally, two developments since the motions panel's order further support a brief stay pending appeal. First, on September 10, the district court postponed the receivership's effective date to October 19, 2026 (Doc. 5363)—four days after Plaintiffs' answering brief is due and during the period for Defendants' reply in this expedited appeal. (Dkt. 16.1.) Second, this Court has scheduled these appeals for argument on December 7, 2026. (Dkt. 34.) The combined effect of these developments is that a stay would preserve the status quo for a matter of just seven weeks before argument.

Against that modest delay, the harms of denying a stay are irreversible: a federal receiver will assume "[a]ll duties and authorities vested by law in the Director of ADCRR relating to the health care of the class members" (1-ER-6), and the State will begin paying "[a]ll costs incurred during the Receivership" (1-ER-11) with funds the State cannot recover if the orders are reversed. A modest delay pending appeal will not significantly delay the receiver's work, as the receivership is set to run for at least five years (1-ER-13) and opens with a 180-day planning period (1-ER-4). A stay also serves judicial economy. If the receiver takes control on October

19 and this Court later reverses, the mandate will require unwinding a receivership that has only just begun.

Defendants respectfully request that the merits panel reconsider the motions panel's denial of the Motion to Stay Pending Appeal; stay the Receivership Order (1-ER-17–144) and the Appointment Order (1-ER-2–16) pending decision on the merits; and enter an administrative stay before October 19 if it has not ruled on this motion by then.

In the alternative, Defendants ask that the Court consider staying the Appointment Order in part. Specifically, the Court could stay all aspects of the Order except those provisions that allow the district court's receiver to begin her work on an operational plan. Under this alternative, all aspects of the Appointment Order would be stayed except for: the appointment of Annette Chambers-Smith as the receiver; sections II(b)(1)–(2), which describe the operational plan; sections IV(a)–(c)(1), which address compensation, staffing, office space, and finances; and section V, which addresses costs, access to information, and ex parte communications. Such a partial stay would allow the receiver to begin her work on a plan but avoid other irreparable harms that would occur on and after October 19 absent a stay; namely, (1) the district court's abrogation of the State's sovereign authority over its prisons and (2) the administrative disorder that will be caused by shifting authority from the Department's leadership to the receiver and then back again, if Defendants are

successful on appeal. Although Defendants maintain that the Orders should be stayed in full, Defendants present this intermediate stay as another alternative to avoid the harm that will be caused if the receiver takes over healthcare in the state prisons on October 19.

RESPECTFULLY SUBMITTED this 7th day of October, 2026.

OSBORN MALEDON, P.A.

By s/ Andrew G. Pappas
Mary R. O'Grady
Andrew G. Pappas
John S. Bullock
Daniel Bowman
2929 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012

OFFICE OF THE ATTORNEY GENERAL
Joshua D. Bendor
Luci D. Davis
2005 N. Central Avenue
Phoenix, Arizona 85004

**Attorneys for Defendants/Appellants**

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the page limit of Fed. R. App. P. 27(d)(2)(A), which requires that a motion not exceed 20 pages.

s/ Andrew G. Pappas
Andrew G. Pappas

**Attorney for Defendants/Appellants**