UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN JENSEN; et al.,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>RYAN THORNELL, Director of the Arizona Department of Corrections, Rehabilitation, and Reentry and RICHARD PRATT,<br><br>Defendants - Appellants. | No. 26-1746<br><br>D.C. No.<br>2:12-cv-00601-ROS<br>District of Arizona,<br>Phoenix<br><br>ORDER |
| SHAWN JENSEN; et al.,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>RYAN THORNELL, Director of the Arizona Department of Corrections, Rehabilitation, and Reentry and RICHARD PRATT, Interim Division Director, Division of Health Services, Arizona Department of Corrections (in his official capacity),<br><br>Defendants - Appellants. | No. 26-5060<br><br>D.C. No.<br>2:12-cv-00601-ROS<br><br>District of Arizona,<br>Phoenix |

Appellants filed a renewed emergency motion under Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-3 to stay the district court's Order Granting Motion to Appoint Receiver entered on February 19, 2026, and the Order

Appointing Receiver (Appointment Order) entered on July 17, 2026, which collectively establish a receivership over the healthcare services of the Arizona Department of Corrections, Rehabilitation and Reentry (ADCRR). (Dkts. 36 & 37). Alternatively, Appellants request a partial stay of the Appointment Order that would permit the appointment of the receiver to take effect and permit the receiver to proceed with the operational planning for the receivership but would stay all other relief ordered by the district court. Specifically, under this alternative proposal, the appointment of Annette Chambers-Smith as receiver and Sections II(b)(1)-(2), IV(a)-(c)(1), and V of the Appointment Order would take effect, but all other provisions of the district court's Appointment Order would be stayed. (Dkt. 36 at 3).

Courts consider four factors in resolving motions for stay pending appeal. *Nken v. Holder*, 556 U.S. 418, 434 (2009). First, the movant must make "a strong showing that [it] is likely to succeed on the merits." *Id.* (citation omitted). Under this court's precedent, that showing is made when the movant demonstrates, "at a minimum, that [it] has a substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (per curiam). Appellants have made that showing here. Under the Prison Litigation Reform Act, all prospective relief against state prisons "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs" and must be "the least intrusive means necessary." 18 U.S.C. § 3626(a)(1)(A). Appellants contend that a

receivership assuming plenary control over ADCRR's management of prison health services is not the least restrictive means available to address the federal violations identified in the injunction issued by the district court on April 7, 2023, because other intermediate measures were bypassed and Appellants have since made significant progress in resolving the constitutional violations. At this preliminary stage, the Appellants have demonstrated "a substantial case for relief on the merits." *Leiva-Perez*, 640 F.3d at 968.

Second, Appellants must show that they "will be irreparably injured absent a stay." *Nken*, 556 U.S. at 434 (citation omitted). The Supreme Court has held that "the inability to enforce its duly enacted plans clearly inflicts irreparable harm on the State." *Abbott v. Perez*, 585 U.S. 579, 602 n.17 (2018). Allowing the Appointment Order to take effect risks irreparable harm to Appellants in the event they are successful on appeal because the Appointment Order authorizes the receiver to take full control of a substantial portion of ADCRR, implement policy changes, make contracts, direct state spending on health care staffing and facilities, and potentially, to waive compliance with state laws, regulations, and contracts that interfere with implementing the injunction. *See King*, 567 U.S. at 1303; *Thakur v. Trump*, 163 F.4th 1198, 1207–08 (9th Cir. 2025). Duly enacted Arizona law affords the Director of ADCRR authority over these functions. Ariz. Rev. Stat. § 31-201.01. However, as Appellants implicitly acknowledge, the Appointment Order permits the

receiver to undertake operational planning in preparation for exercising operational control, which poses a lesser risk of harm to Appellants' interests than the grants of operational authority themselves.

Because Appellants have made a showing satisfying the first two factors, the court must further consider "whether issuance of the stay will substantially injure the other parties interested in the proceeding." *Nken*, 556 U.S. at 434 (citation omitted). The deprivation of a prisoner's constitutional right to adequate medical care is irreparable harm. *Porretti v. Dzurenda*, 11 F.4th 1037, 1050 (9th Cir. 2021). Here, the district court made extensive findings that the Appellee prisoner class has suffered from constitutionally deficient medical care and that the deficiencies have not been corrected since issuance of the 2023 injunction. *See Jensen v. Thornell*, 825 F. Supp. 3d 949, 966–1003 (D. Ariz. 2026) (summarizing the district court's 2022 findings of fact about the access of adequate healthcare and making further findings about continued violations). Not allowing the receivership to proceed risks extending the violations found by the district court. However, granting a partial stay that allows the operational planning necessary for implementation of the receivership to proceed, but otherwise stays the transfer of the management of ADCRR to the receiver, will allow the receiver to assume control and implement the remedial strategies ordered by the district court with minimal delay if the district court is affirmed.

Finally, the court must consider "where the public interest lies." *Nken*, 556 U.S. at 434 (citation omitted). In this case, the public interest does not clearly favor either party. Appellants have a strong public interest in protecting Arizona's sovereignty and control over its prison system. *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973). But it also "is always in the public interest to prevent the violation of a party's constitutional rights." *Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 838 (9th Cir. 2020) (citation omitted).

Weighing all the applicable factors, the partial stay proposed by Appellants is warranted. This case raises serious questions concerning the extent of a federal court's remedial authority over state prisons, but Appellees have significant competing interests in the receipt of proper healthcare in Arizona prisons. Accordingly, it is hereby ordered that the Appointment Order entered on July 17, 2026, is stayed pending further order of this court, except for the following provisions:

- Section I, the appointment of Annette Chambers-Smith as the receiver;
- Sections II(b)(1)–(2), which describe the creation and content of the operational plan;
- Sections IV(a)–(c)(1), which address compensation, staffing, office space, and finances; and

- Sections V(a)–(c), which address costs, access to information, and ex parte communications.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT